## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| HADASSA INVESTMENT SECURITY NIGERIA, LTD | CIVIL ACTION NO.   16-cv-01502 |
| VERSUS | JUDGE JAMES |
| SWIFTSHIPS SHIPBUILDERS, LLC, SWIFTSHIPS, LLC and DEPARTMENT OF NAVY, SEA SYSTEM COMMAND (NOMINAL PARTY) | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE UNITED STATES OF AMERICA FROM PLAINTIFF'S LAWSUIT FOR LACK OF SUBJECT-MATTER JURISDICTION**

**COMES NOW** Defendant, the United States of America ("United States")[1], by and through Stephanie A. Finley, United States Attorney for the Western District of Louisiana, and Desiree Williams-Auzenne, Assistant United States Attorney, which respectfully moves the Court to dismiss the United States from the above captioned matter on the following grounds:

**Factual Background**

On February 2, 2015, the United States Department of the Navy ("the Navy"), acting through the Naval Sea Systems Command, awarded Contract Number N00024-15-G-4209 ("the contract") to Swiftships Shipbuilders, LLC ("Shipbuilders").  The contract is a basic ordering agreement pursuant to which the Navy procures engineering services and technical support for the Iraqi Navy Ship Repair Facility in Umm Qasr, Iraq.  The contract was issued to Shipbuilders in error.  A clerical mishap involving use of an incorrect contractor identification

---

[1] Plaintiff names the Department of the Navy, Naval Sea Systems Command as a defendant in this case.  However, suits against federal defendants (i.e., federal agencies and officials acting in their official capacity) are suits against the United States. *Maleche v. Solis*, 692 F.Supp.2d 679, 685 (S.D. Tex. 2010).   Therefore, the United States of America is the property party to appear in the suit, and seek the relief prayed for in the instant motion.

code caused pertinent documents to identify Shipbuilders, rather than Swiftships, LLC ("Swiftships") as the contract recipient.

On August 10, 2016, the Navy and intended contractor, Swiftships, executed a Modification of Contract whereby Swiftships' company name was substituted for that of Shipbuilders throughout the contract, as well as on any delivery orders for services issued under the contract. This modification was carried out pursuant to a previous novation agreement between the Navy, Shipbuilders, and Swiftships whereby the Navy recognized Swiftships as successor-in-interest to Shipbuilders.

Plaintiff, a judgment creditor of Shipbuilders, filed the instant revocatory action on October 10, 2016. The Complaint alleges that a January 1, 2014 Asset Purchase Agreement between Shipbuilders and Swiftships, and the August 10, 2016 modification of the Navy contract prevented Plaintiff from collecting on a judgment it obtained against Shipbuilders in an earlier breach of contract case.[2] Plaintiff seeks revocation of the Shipbuilders/Swiftships Asset Purchase Agreement, and annulment of the Navy novations substituting Swiftships as contractor in place of Shipbuilders.

## Law and Argument

A. Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation omitted).

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) of the

---

2 The Asset Purchase Agreement entered into by Shipbuilders and Swiftships on January 1, 2014, and referenced in Plaintiff's complaint is separate from and unrelated to the Navy contract discussed herein.

Federal Rules of Civil Procedure on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981).  Thus, when presented with a motion to dismiss under Rule 12(b)(1), the court may consider evidence presented beyond the pleadings.  *See, Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).  Additionally, the burden of proof applicable to the Rule 12(b)(1) analysis lies on the party asserting jurisdiction.  Thus, Plaintiff bears the burden of establishing subject-matter jurisdiction over its claims against the federal agency defendant in this case.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir. 2012).

B. <u>Plaintiff's Claims Against the United States Are Barred by Sovereign Immunity.</u>

The United States is immune from suit except when it waives its sovereign immunity. *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995).  Plaintiff's Complaint fails to cite any statutory waiver of the Government's sovereign immunity.  Therefore, the court lacks jurisdiction to grant Plaintiff relief from the United States with respect to the Navy contract at issue in this lawsuit.  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d at 286 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. Fed. Election Comm'n, 138* F.3d 144, 151 (5th Cir. 1998)).

The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction. *Delta Commer. Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004) (citing *United States v. Navajo Nation*, 537 U.S. 488, 502, 123 S.Ct.

3

1079, 155 L.Ed.2d 60 (2003)). Consent may not be inferred, but must be unequivocally expressed. *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)). Congress provides for the waiver of sovereign immunity and, unless Congress has expressly allowed for it, courts may not exercise subject-matter jurisdiction over a claim against the federal government. *Wilkerson*, 67 F.3d at 118 (citing *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Drake v. Panama Canal Comm'n* 907 F.2d 532, 534 (5th Cir. 1990); *Ware v. United States*, 626 F.2d 1278, 1286 (5th Cir. 1980)).

Further, Plaintiff describes the Navy as a "nominal party" to the litigation, presumably for diversity of citizenship purposes. However, Mover maintains that this nominal party designation is irrelevant to the question of whether sovereign immunity shields the Government from Plaintiff's claims. *See Dennis Allen Const. Co., Inc. v. Secretary of Army Corps of Engineers et al,* 2012 WL 3150826 (W.D. Ark) (Government was dismissed with prejudice from action after Court found no waiver of sovereign immunity despite the plaintiff's claims that the government was nominal party). No exception to the doctrine of sovereign immunity applies to the factual allegations plead in Plaintiff's revocatory action. Accordingly, the court's limited jurisdiction does not extend to Plaintiff's claims against the United States.

## Conclusion

For the reasons set forth above, the United States is immune from suit, and should be dismissed from Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1).

        Respectfully Submitted,

        STEPHANIE A. FINLEY
        UNITED STATES ATTORNEY

BY:    *s/Desiree Williams-Auzenne*
        DESIREE WILLIAMS-AUZENNE (#30978)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, Louisiana   70501
        Telephone:     (337) 262-6618
        Facsimile:      (337) 262-6693
        Email:             desiree.williams@usdoj.gov