# UNITED STATES DISTRICT COURT
# WESTERN DIVISION OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Hadassa Investment Security Nigeria Ltd | Civil Action No. 6:16-cv-01502 |
| versus | Judge Robert G. James |
| Swiftships Shipbuilders LLC et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court on referral from the district judge is a Motion To Dismiss The United States Of America From Plaintiff's Lawsuit For Lack Of Subject-Matter Jurisdiction filed by the United States of America, through the Naval Sea Systems Command, (referred to as "the United States" or "the government")[1] [Rec. Doc. 22], Plaintiff, Hadassa Investment Security Nigeria Ltd.'s Opposition [Rec. Doc. 27] and the United States' Reply thereto [Rec. Doc. 31]. For the reasons that follow, the undersigned recommends that the Motion be granted.

*I. Factual and Procedural Background*

On October 2, 2013, Hadassa filed a lawsuit against Swiftships Shipbuilders LLC ("Shipbuilders") in the Western District of Louisiana, 6:13:cv-02795, claiming breach of contract, failure to return deposit and unjust enrichment ("Hadassa I

---

[1] Hadassa named the "Naval Sea Systems Command" as a defendant. As provided by the United States, "suits against federal defendants (i.e., federal agencies and officials acting in their official capacity) are suits against the United States." Thus, the United States of America is the proper party-defendant.

lawsuit"). *R. 1-2.* Hadassa alleged in the complaint that in 2008 it was attempting to broker an agreement between the Nigerian Navy and Shipbuilders for the manufacture of a number of vessels to serve the Nigerian Navy in 2008. Hadassa further alleged that on April 30, 2009, Hadassa wired $500,000 to Shipbuilders as a deposit on a 25M Patrol Boat Shipbuilders had built and to hasten delivery for future vessels in the event the Nigerian Navy awarded a contract to Hadassa. Hadassa alleged that it subsequently learned that Shipbuilders sold the 25 M Patrol Boat to the U.S. Government. After Shipbuilders failed to refund its deposit despite numerous demands, Hadassa filed the Hadassa I lawsuit. On January 12, 2016, after a trial on the merits, the court awarded Judgment in favor of Hadassa in the amount of $1,499,910.00.[2] *R. 1-3.* Based on Shipbuilders failure to pay the Judgment, Hadassa filed a motion for contempt on March 21, 2017. At the hearing on the motion,[3] counsel for Shipbuilders contended that, "our basis for nonpayment is not for disrespect or [sic] willingness. It's a flat inability to pay." *R. 1, ¶XIV.* The court denied Hadassa's motion concluding that the Judgment was "a final judgment that cannot be altered or amended by this Court under the procedure utilized by the parties." *R.1-8.*

---

[2] The bench trial was conducted and Judgment was entered by retired Judge Richard T. Haik.

[3] The contempt hearing was conducted by Judge Rebecca F. Doherty.

Thereafter, Hadassa filed the instant lawsuit against Shipbuilders, Swiftships and the United States for "Revocatory Action." Hadassa alleges that after it filed the Hadassa I lawsuit, it learned that Shipbuilders and Swiftships entered into an "Asset Purchase Agreement" on January 1, 2014, by which Swiftships, as purchaser, received the assets of Shipbuilders for the stated monies paid and received. *R. 1, Exh. 3*. Hadassa further alleges that on February 2, 2015, the United States issued Contract No. N00024-15-4209 ("Contract 4209") to Shipbuilders wherein "multimillions of dollars were owed and/or forthcoming to be paid to Shipbuilders" by the United States. On August 10, 2016, Shipbuilders, Swiftships and the United States entered into a series of "Novations" which resulted in the payee of Contract 4209 being changed from Shipbuilders to Swiftships. *R. 1-6*.

Hadassa filed an Amended Complaint on March 31, 2017 alleging:

[P]ursuant to that Contract 4209, the Naval Sea Systems Command, commencing on September 15, 2015, issued wire transfers to Swiftships Shipbuilders, LLC totaling $6,181,103.50 through July 25, 2016, as is evidenced on the Swiftships Shipbuilders Payment Ledger.

*R. 33*. Hadassa attached a copy of Shipbuilders' Payment Ledger setting out the alleged wire transfers. *R. 33-1, Exh. 4-A, en globo*.

Hadassa contends that the January 1, 2014 "Asset Purchase Agreement" between Shipbuilders and Swiftships and the "Novations" of August 10, 2016 entered

3

...

into by Shipbuilders, Swiftships and the United States caused or increased the insolvency of Shipbuilders and caused Hadassa to be deprived of being able to execute a writ of execution or some other remedy to seize Shipbuilders assets and to seize the United States' payments to Shipbuilders in order to satisfy the January 12, 2016 Judgment. *Id at XV*. Hadassa seeks an order revoking and annulling the January 1, 2014 "Asset Purchase Agreement" and the August 10, 2016 "Novations". *Id at XIV*. Hadassa further seeks an order that the United States is to pay all future amounts on Contract 4209 to Hadassa. *Id.*

## II. Contentions of the Parties

The United States contends that Hadassa's claims against it are barred by sovereign immunity and the Court lacks jurisdiction. The United States further contends that as Hadassa was not a party to Contract 4209 or the government's subsequent novations, it cannot recover directly from the government for amounts owed to it by Shipbuilders or Swiftships.

Hadassa argues that the Tucker Act, 28 U.S.C. 1346(a)(2) waives sovereign immunity and authorizes suits such as this revocatory action against the United States.

## III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly

dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565

F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id*. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## *IV. Discussion*

Hadassa's Complaint states that it brings a "Cause of Action for Revocatory Action" against the United States. Louisiana Civil Code article 2036 governs revocatory actions. Article 2036 provides that "[a]n obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." Thus, a revocatory action is one where an obligee seeks to annul an act of an obligor, or the result of a failure to act, that is made or effected after the right of the obligee arose and that causes or increases the obligor's insolvency. A revocatory action requires the

creditor pursuing the action to demonstrate that the offending transaction (1) was made or effected after the right of the obligee arose and (2) caused or increased the obligor's insolvency. *See Traina v. Whitney Nat. Bank*, 109 F.3d 244, 246 (5th Cir.1997). Additionally, the jurisprudence requires that the obligee must prove prejudice, injury, or damage to the obligee as a result of the act. *Dortch v. Rollins*, 81 So.3d 911, 917 (La.App. 2d Cir. 2015).

The United States contends that Hadassa's claims against it are barred by sovereign immunity. *Wilkerson v. U.S.*, 67 F.3d 112, 118 (5th Cir.1995). Waivers of sovereign immunity must be strictly construed. *Id.* The Tucker Act, 28 U.S.C. §§ 1346(a)(2) creates a limited waiver of sovereign immunity by giving district courts jurisdiction to entertain civil actions against the United States where the amount-in-controversy does not exceed $10,000. 28 U.S.C. § 1346(a)(2). For claims that exceed $10,000, the Tucker Act grants exclusive jurisdiction to the Court of Claims. 28 U.S.C. § 1491(a); *Amoco Production Co. v. Hodel*, 815 F.2d 352, 358 (5th Cir.1987). Courts have consistently held that this act waives sovereign immunity and vests federal courts with jurisdiction only for claims for monies owed, not for claims for declaratory judgment or equitable relief. *Wilkerson* at 118. The Tucker Act "does not create any substantive right enforceable against the United States for money damages" but "merely confers jurisdiction ... whenever the substantive right exists."

*United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff invoking the Tucker Act must identify a separate provision of law conferring a substantive right for money damages against the United States.[4] *Id.*

Hadassa has failed to allege any specific statutory provision that would provide a right of action against the government. Louisiana Civil Code article 2036 provides a cause of action only against the obligor, in this case Shipbuilders. The "Novations" contract was entered into by the government, Shipbuilders and Swiftships—Hadassa was not a party. The government was not a party to any contract with Hadassa and it makes no claim that the government owes it money damages or is an "obligor." In fact, in its opposition memorandum, Hadassa concedes it does not seek to impose any kind of liability on the United States and that the United States is merely a "nominal" party. *R. 27, p. 3*. The Tucker Act cannot confer jurisdiction in this Court. *See Tavera v. Harley-Bell*, 2010 WL 1308800, at *2 (S.D.Tex. 2010).

### V. Conclusion

For the reasons set forth above, this Court lacks subject matter jurisdiction over

---

[4] On April 5, 2017, Hadassa filed a Motion For Leave to file a "Supplemental Response To The United States' Motion To Dismiss." *R. 35*. Hadassa contended that under "the Tucker Act, Plaintiff's Revocatory Action Suit, if successful ... would result in a court order ordering the annulment of the August 10, 2016 Novations." Hadassa maintained that Plaintiff would then "be entitled to equitable relief in the form of a mandamus ordering the [United States] to change the payee on Contract 4209 back to [Shipbuilders]." The Court denied Hadassa's motion because the jurisprudence cited herein establishes that this Court does not have jurisdiction under the Tucker Act to consider the revocatory action, and Hadassa's supplemental arguments are therefore moot.

the claims against the United States. Thus, the undersigned recommends that the government's Motion To Dismiss The United States Of America From Plaintiff's Lawsuit For Lack Of Subject-Matter Jurisdiction [Rec. Doc. 22] be granted and Hadassa's claims against the United States be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 21st day of April, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE