UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Hadassa Investment Nigeria, Ltd | Civil Action No. 16-01502

versus | Judge Robert G. James

Swiftships Shipbuilders, LLC | Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the Court, on referral by the District Judge, is defendant, Swiftships Shipbuilders, L.C.C.'s ("Shipbuilders") Motion For Summary Judgment [Rec. Doc. 42] and plaintiff, Hadassa Investment Nigeria, Ltd's ("Hadassa"), Opposition Memorandum [Rec. Doc. 44]. For the reasons that follow the Court will recommend that the Motion be denied.

*I. Background*

Hadassa, a limited business entity organized under the law of Nigeria, and Shipbuilders, a ship/boat building and selling company in Morgan City, Louisiana, entered into an agreement in 2009. On October 2, 2013, Hadassa filed an action in this court asserting causes of action for: (1) Recission of the Contract Based on Fraud pursuant to La. C.C. Art. 1958; (2) Conversion; (3) Breach of Contract; (4) Fraud; (5) Detrimental Reliance; (6) Unfair Trade Practices ("LUPTA") pursuant to La. R. S. 51:1404-1430; and alternatively, (7) Unjust Enrichment. *Hadassa Investment Security Nigeria Ltd v. Swiftships Shipbuilders L L C, Civil Action No. 6:13-cv-02795*

*("Hadassa I")*. Hadassa claimed it was entitled to damages including the $499,910.00 deposit it paid Shipbuilders for a vessel it never received. After a trial on the merits, the Court entered a Judgment for Hadassa on January 12, 2016, for $1,499,910.00 plus $60,130.00 in attorney's fees.[1] *Id at R. 97*. Based on Shipbuilders' failure to pay the Judgment, Hadassa filed a motion for contempt on March 21, 2017. *Id, at R. 98, 108*. Following a hearing on the motion, the Court denied Hadassa's motion, concluding that the Judgment was "a final judgment that cannot be altered or amended by this Court under the procedure utilized by the parties." *Id, at R., 124,126*.

Thereafter, on October 26, 2016, Hadassa filed the instant lawsuit against Shipbuilders, Swiftships LLC and the United States[2] for "Revocatory Action." *R. 1*. Hadassa alleged that, after it filed the *Hadassa I* lawsuit, it learned that Shipbuilders and Swiftships entered into an "Asset Purchase Agreement" on January 1, 2014, by which Swiftships, as purchaser, received the assets of Shipbuilders for the stated monies paid and received. *R. 1, Exh. 3*. Hadassa further alleged that on February 2, 2015, the United States issued Contract No. N000 24-15-4209 ("Contract 4209") to Shipbuilders wherein "multimillions of dollars were owed and/or forthcoming to be paid to Shipbuilders" by the United States. *R. 1*. In its First Supplemental and

---

[1] It is undisputed that Shipbuilders did not appeal the Judgment.

[2] The Court granted the United States' Motion to Dismiss and Hadassa's claims against the United States Navy were dismissed on June 13, 2017. *R. 45*.

Amended Complaint, *R. 33*, Hadassa alleged that from September 15, 2015 to July 25, 2016, the Navy issued wire transfers to Shipbuilders totaling $6,181,103. *Id at ¶ X-A, Exh. 4-A, en globo*. On August 10, 2016, Shipbuilders, Swiftships and the United States entered into a series of "Novations" which resulted in the payee of Contract 4209 being changed from Shipbuilders to Swiftships. *R. 1-6.*

Hadassa prays that (1) the January 1, 2014 Asset Purchase Agreement ("the Agreement") between Shipbuilders and Swiftships be revoked and annulled and that Shipbuilders' assets be returned to Shipbuilders; and 2) the Novations by Shipbuilders, Swiftships and the Navy be revoked and annulled and all future payments made by the Navy pursuant to Contract 4209 be made to Shipbuilders.

## *II. Contentions of the Parties*

Shipbuilders contends that Hadassa cannot establish the requirements under La. Civ. Code art. 2036 in order to annul the Agreement and the Novations as asserted in its Complaint. Shipbuilders argues there is no factual issue that because of the preferred claims against any assets Shipbuilders may have owned, Hadassa cannot prove that the Agreement and Novations caused it damages or prejudice as required under article 2036.

Hadassa argues that the August 10, 2016 Novation occurred after Hadassa's rights accrued pursuant to its January 11, 2016 Judgment. Because the Novation increased Shipbuilder's insolvency, it damaged and prejudiced Hadassa. Hadassa has

met all elements of article 2036 and the Novations should be annulled. Hadassa further argues that genuine disputes of material fact remain as to whether or not the amount of the security devices against Shipbuilder's assets include the monies received from Contract 4209.

### *III. Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir.2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden

of proof at trial, as with this motion, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir .1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little,* 37 F.3d at 1075.

## *IV. Analysis*

Revocatory actions are provided for in La. C.C. art. 2036, contained in the general provisions on conventional obligations, as follows:

An obligee has a right to annul an act of the obligor, or the result of a

5

> failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

In accordance with the clear language of La. C.C. art. 2036, in order for an obligee to annul an act of the obligor, he must show (1) an act (or failure to act) of the obligor that causes or increases the obligor's insolvency; and (2) the act must occur after the obligee's rights arose. Additionally, the jurisprudence requires that the obligee must prove prejudice, injury, or damage to the obligee as a result of the act. The test for determining prejudice or injury is factual, based on the value of the property and the ranking of the indebtedness. If preferred claims against the property exceed its value, the donation should not be revoked because it does not injure or prejudice an unsecured creditor. *Parish Nat. Bank v. Wilks*, 923 So.2d 8, 13 (La.App. 1 Cir.,2005).

In its motion for summary judgment, Shipbuilders contends that there are no genuine issues of material fact as to the security interests affecting any assets Shipbuilders may have owned. In support of its motion for summary judgment, Shipbuilders submits the April 3, 2017 affidavit of Dean Haines, Executive Vice President and loan officer of First NBC Bank, who served as loan officer for all transactions involving Shipbuilders.[3] *R. 42-1*. Haines avers that "Shipbuilders is

---

[3] The parties do not dispute that on April 28, 2017, First NBC Bank was closed by the Louisiana Office of Financial Institutions and the Federal Deposit Insurance Corporation was named receiver.

obligated to First NBC Bank for $71,388,994" and that "First NBC holds the perfected security interest in all of Shipbuilders assets, including all receivables, inventory, machinery, equipment, land, buildings, and movables." *Id at ¶¶ 4, 5*.[4] In addition to Haines' affidavit, Shipbuilders also submits Promissory Notes between Shipbuilders and First NBC Bank and federal and state tax liens totaling $12,487,867.00, which it represents establishes Shipbuilders' debt "as of the date of the [January 1, 2014] Agreement." *R. 42-3, ¶ 6.*

Hadassa argues that because of the Novations between Shipbuilders, Swiftships and the Navy on December 14, 2014, before the court issued Hadassa's Judgment, it was prevented from filing a writ of garnishment or execution of judgment to seize the monies paid to Shipbuilders by the Navy pursuant to Contract 4209. It further argues that because the August 10, 2016 Novation was executed after its Judgment against Shipbuilders and because the Novation prejudiced Hadassa, it is subject to annulment under article 2036.

In its Motion, Shipbuilders contends that the first Novation at issue was

---

[4] Haines' Affidavit is captioned as an action different from the instant action—*Taj Al Khairat, LTD v. Swiftships Shipbuilders, LLC, Civil Action No. 6:13-cv-02609*. The court in that action entered Judgment against Shipbuilders on March 5, 2015 and the Judgment was affirmed on December 29, 2015. *R. 37, 41*. Although the notary signed the affidavit on April 3, 2017, the affidavit itself is not dated by Haines and Counsel for Shipbuilders does not indicate when the affidavit was executed. Based on the age of the case in which it was created, the undersigned has concerns as to the validity and correctness of the affidavit.

executed on December 14, 2014. That Novation recognized Swiftships as a new company and "agreed to assign all existing contracts to Swiftships." *R. 42-4, p. 4.* Thereafter, on February 10, 2015, Contract 4209 was executed. Shipbuilders contends that the Navy "inadvertently named Shipbuilders" as the winning contractor in the contract rather than Swiftships. *Id.* Shipbuilders further contends that the Navy corrected its mistake on August 10, 2016, by executing another Novation for Contract 4209. *Id.* Shipbuilders maintains that Contract 4209 was awarded based on the bid submitted by Swiftships and "was never an asset of Shipbuilders." *Id.* Shipbuilders provides nothing to support its representations related to the Novations.[5]

Shipbuilders also discloses to the Court in a footnote that "the only contracts which Shipbuilders had was a contract for the construction of two (2) maintenance support vessels for the South Oil Company, Basrah/Iraq." *R. 42-4, p. 3, FN 4.* Shipbuilders contends that "because the Iraqi government did not permit assignment or novations" the contract "was retained by Shipbuilders (nominally)." *Id.* Shipbuilders further contends that "[t]his contract has been completed, delivery of the vessels has been accomplished and all contract funds have been paid." *Id.* Nonetheless, Shipbuilders *contends* that Swiftships is the "real party in interest" and all the assets received by Shipbuilders actually belong to Swiftships. Again, Shipbuilders provides no evidentiary support for its representations thereby omitting

---

[5] The Court notes that the same scenario as described by Shipbuilders was stated by the Navy in its memorandum on a motion to dismiss. *R.22.* The Navy provided no evidence of the Novations at issue. While the Court granted the motion, it was based on immunity.

any and all details concerning the contracts, most significantly the terms and provisions and the amounts and dates paid to Shipbuilders.

Shipbuilders asserts that because the preferred claims and liens against it exceed the value of Hadassa's claims against it, Hadassa's Complaint should be denied. Shipbuilders, however, provides no evidentiary support for its position that the assets paid to Shipbuilders pursuant to the August 10, 2016 Novation involving the Navy Contract 4209 actually belonged to Swiftships. This Novation was entered into after Hadassa's final Judgment was rendered and after the Agreement assigning Shipbuilders' assets to Swiftships. Based on Shipbuilder's disclosure that at least two other contracts existed in which payments were made to Shipbuilders after the Agreement, the Court has no assurance that the payments from these contracts did not actually belong to Shipbuilders or that the payments would satisfy the liens against Shipbuilders. In other words, based on the Navy contract and the two Iraqi contracts, there are genuine issues of material fact as to whether Hadassa was prejudiced by the August 10, 2016 Novation.

*Conclusion*

Based on the foregoing, the Court will recommend that Swiftships Shipbuilders LLC's Motion For Summary Judgment [Rec. Doc. 42] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 13th day of July at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE