# UNITED STATES DISTRICT COURT
# WESTERN DIVISION OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Hadassa Investment Security Nigeria Ltd | Civil Action No. 6:16-cv-01502 |
| versus | Judge Robert G. James |
| Swiftships Shipbuilders LLC et al | Magistrate Judge Carol B. Whitehurst |

## ORDER

Before the Court on referral from the district judge is a Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) filed by the Defendant Swiftships LLC ("Swiftships") [Rec. Doc. 73] and Plaintiff, Hadassa Investment Security Nigeria Ltd.'s ("Hadassa"), Opposition [Rec. Doc. 27]. For the reasons that follow, the Court will allow Plaintiff to amend his Complaint and the Motion To Dismiss will be denied without prejudice.

### *I. Factual and Procedural Background*

On October 2, 2013, Hadassa filed a lawsuit against Swiftships Shipbuilders LLC ("Shipbuilders") in the Western District of Louisiana, 6:13:cv-02795, claiming breach of contract, failure to return deposit and unjust enrichment ("Hadassa I lawsuit"). *R. 1-2.* Hadassa alleged in the complaint that in 2008 it was attempting to broker an agreement between the Nigerian Navy and Shipbuilders for the manufacture of a number of vessels to serve the Nigerian Navy. Hadassa further alleged that on April 30, 2009, Hadassa wired $500,000 to Shipbuilders as a deposit

on a 25M Patrol Boat Shipbuilders had built and to hasten delivery for future vessels in the event the Nigerian Navy awarded a contract to Hadassa. Hadassa alleged that it subsequently learned that Shipbuilders sold the 25 M Patrol Boat to the U.S. Government. After Shipbuilders failed to refund its deposit despite numerous demands, Hadassa filed the *Hadassa I* lawsuit. On January 12, 2016, after a trial on the merits, the court awarded Judgment in favor of Hadassa and against "Swiftships Shipbuilders LLC" in the amount of $1,499,910.00.[1] *R. 1-3*. Based on Shipbuilders failure to pay the Judgment, Hadassa filed a motion for contempt on March 21, 2017. At the hearing on the motion,[2] counsel for Shipbuilders contended that, "our basis for nonpayment is not for disrespect or [sic] willingness. It's a flat inability to pay." *R. 1, ¶XIV*. The court denied Hadassa's motion concluding that the Judgment was "a final judgment that cannot be altered or amended by this Court under the procedure utilized by the parties." *R.1-8*.

Thereafter, Hadassa filed the instant lawsuit against Shipbuilders, Swiftships and the United States for "Revocatory Action." Hadassa alleged that after it filed the *Hadassa I* lawsuit, it learned that Shipbuilders and Swiftships entered into an "Asset Purchase Agreement" (the "Purchase Agreement") on January 1, 2014, by which

---

[1] The bench trial was conducted and Judgment was entered by retired Judge Richard T. Haik.

[2] The contempt hearing was conducted by Judge Rebecca F. Doherty.

Swiftships, as purchaser, received the assets of Shipbuilders for the stated monies paid and received. *R. 1*. Hadassa further alleged that Shipbuilders was insolvent at the time of the transaction and that the transaction resulted in damages to Plaintiff.. Hadassa filed a second Amended Complaint on October 31, 2017, alleging that Swiftships LLC is liable for the January 12, 2016 judgment under the Successor Liability Doctrine." *R. 62*.[3] Shipbuilders filed the instant Motion to Dismiss under Rule 12(b)(6) for failure to state a claim for successor liability. *R. 73*.

## II. Contentions of the Parties

Swiftships contends the allegations in Hadassa's Complaint are insufficient to allege a cause of action for successor liability. Swiftships provides nothing in support of its position, merely stating, "the 'Successor Liability Doctrine' takes many different forms and/or theories." *R. 73*.

Hadassa argues that its allegations in the Complaint are sufficient to state a claim for successor-in-interest liability of Swiftships, LLC for the January 12, 2016 Judgment. Paragraph VIII and Paragraph XVII of the Complaint state:

> On January 12, 2016, Judgment [Rec. Doc. 97] was entered in this matter. The January 12, 2016 Judgment is now a final Judgment. The Defendant named in the Judgment is Swiftships Shipbuilders, LLC. A

---

[3] After filing its original complaint, *R. 1*, Hadassa filed two amended complaints, *R. 33 and 62*. The Court will refer to the original and amended complaint as "the Complaint."

3

copy of the Judgment is attached hereto.

In Paragraph XVIII Plaintiff alleged:

> Since the January 12, 2016 Judgment became final, Counsel for Plaintiff Hadassa has learned that actually, **prior** to the January 12, 2016 entry of the Judgment [Hadassa I, Rec. Doc. 97], all of the interest of Swiftships Shipbuilders, LLC were transferred to another entity, to wit: Swiftships, LLC." (Emphasis in original)

### III. Legal Standards & Analysis

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and Rule 12(b)(6) provides that a complaint may be dismissed if it "fails to state a claim upon which relief can be granted[.]" Courts apply these rules through the two-pronged process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the complaint's factual allegations, which are assumed to be true, and distinguish them from any statements of legal conclusion, which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680–81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts ... permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*,

556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The record indicates that this Court has jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. *R. 26*. As far as the Court can ascertain, neither party has addressed Louisiana's choice of law in order to determine what law would apply to any successor liability claim in this case. The record provides that Swiftships Shipbuilders, LLC is a Limited Liability Company whose members are: Calvin Leleux, a Louisiana resident, and Swift Group LLC. Swift Group LLC's members are: Calvin Leleux and ICS Marine, Inc, a Virginia corporation. Swiftships, LLC is a Limited Liability Company whose members are Shehraze Shah, a Virginia resident and Jeff Leleux a Louisiana resident.[4]

In the context of corporate liability, the general rule is that where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor. *La Bella Dona Skin*

---

[4] The Court notes that generally successor liability is analyzed under the law of the transferee corporation's, in this case Swiftships, state of incorporation. *Restatement (Second) of Conflict of Laws § 302. See Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 649 (5th Cir. 2002)(concluding that the law of incorporation "governs ... substantive determination whether [an entity] is subject to successor liability" ....).

*Care, Inc. v. Belle Femme Enterprises, LLC*, 805 S.E.2d 399, 407, 294 Va. 243, 258 (Va., 2017); *Blizzard v. National R.R. Passenger Corp.*, 831 F.Supp. 544, 547 (E.D.Va.1993); *In re Louisiana Crawfish Producers*, 772 F.3d 1026, 1030 (5th Cir. 2014). Under the "traditional view" there are four exceptions to this rule: (1) the purchasing corporation expressly or impliedly agreed to assume such liabilities, (2) the circumstances surrounding the transaction warrant a finding that there was a *de facto* merger of the two corporations, (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is fraudulent in fact. *Id*.

Hadassa's Complaint does not state which exception or exceptions to the traditional view of successor liability he is alleging. Based on Hadassa's Complaint and the record of this action, it appears that 2, 3 and/or 4 could be relevant—*de facto* merger, mere continuation and /or fraudulent transaction.[5]

Both Virginia and Louisiana adopt the traditional view of the *de facto* merger exception. "The elements of a *de facto* merger under the traditional view are: (1) a continuity of the selling corporation's enterprise, including continuity of management, personnel, physical location, assets, and general business operations; (2) a continuity of ownership because the purchasing corporation acquires the assets with shares of

---

[5] De facto merger requires that the seller corporation ceases to exist, while mere continuation requires that only one corporation remains. *United States v. Vista Hospice Care, Inc.*, 2014 WL 12580020, at *1 (N.D.Tex., 2014)

its own stock, which ultimately are held by the selling corporation's shareholders; (3) prompt liquidation and dissolution of the selling corporation's business operations; and (4) an assumption by the purchasing corporation of the selling corporation's obligations necessary for normal operation of the seller's business. The key element of a *de facto* merger is, however, a continuity of ownership corporations." *Blizzard v. National R.R. Passenger Corp.*, 831 F.Supp. 544, 547 (E.D.Va.,1993); *Tex Tin Corp. v. U.S.*, 2006 WL 1118587, at *5 (S.D.Tex.,2006).

Virginia and Louisiana also apply the traditional view of the "mere continuation" exception and have identified numerous factors which can help in the determination. *Kaiser Found Health Plan of the Mid–Atlantic States v. Clary & Moore, P.C.*, 123 F.3d 201, 207 (4th Cir.1997) (applying the "mere continuation" exception under Virginia law); *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379 (5th Cir. 2000) (applying Louisiana's "mere continuation" exception). A threshold requirement to trigger a determination of whether successor liability is applicable under the "continuation" exception is that one corporation must have purchased all or substantially all of the assets of another.

Under Louisiana law, the following eight factors have been applied in determining whether a new company is a "mere continuation" of an older company: 1) retention of the same employees; 2) retention of the same supervisory personnel;

3) retention of the same production facility in the same physical location; 4) production of the same product; 5) retention of the same name; 6) continuity of assets; 7) continuity of general business operations; and 8) whether the successor holds itself out as the continuation of the previous enterprise. *Bank of Am., N.A. v. Garden Dist. Pet Hosp., Inc.*, 2016 WL 952250, p. *8 (E.D. La. 3/14/16) (citing *J.D. Fields & Co. v. Nottingham Const. Co., LLC*, 2015 WL 6875153, at *7 (La. App. 1 Cir. 2015); *Pichon v. Asbestos Defendants*, 52 So. 3d 240, 244 (La. App. 4 Cir. 2010)).

Virginia law finds several factors relevant to determining whether one company is a mere continuation of another, including the following. First, the "key element" of the inquiry is whether there is a *common identity* of the officers, directors, and stockholders in the selling and purchasing corporations. Also relevant is the two companies' extensive sharing of office space and resources. Another factor of the "mere continuation" analysis is whether there exists one corporation following the transaction. *Waterford Inv. Services, Inc. v. Bosco*, 2011 WL 3820723, at *17 (E.D.Va.,2011) (citing *Blizzard*, 831 F.Supp. at 548).

Under the fraudulent transaction exception to the general rule of nonliability there is usually some fraudulent intent exposing the purchaser to liability. In the Fourth and Fifth Circuits, the heightened pleading standards of Rule 9(b) may be

relaxed, and fraud may be pled on information and belief. *Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) ("This is not, however, 'license to base claims of fraud on speculation and conclusory allegations,' and 'the complaint must set forth a factual basis for such [information and] belief.' "); *U.S. ex rel. United States ex rel. Bunk v. Government Logistics N.V.*, 842 F.3d 261, 275 (4th Cir. 2016)("a court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.'").

In Virginia, the fraudulent transaction exception "turns on whether [the transaction] was made with an actual intention to hinder, delay, or defraud creditors." "Because direct evidence of such an intention is usually absent, courts generally look to indirect and circumstantial evidence for 'badges of fraud.' These 'badges of fraud' include: (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration (3)"transactions that are different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor (6) the transfer of all or nearly all of the debtor's property (7) insolvency caused by the transfer (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious and (9) transactions whereby the debtor

retains benefits. But the ultimate legal issue of fraudulent intent is a fact-laden inquiry." *United States ex rel. Bunk v. Government Logistics, N.V.*, 2017 WL 4476845, at *11 (E.D.Va., 2017).

As to the claim of Successor Liability, Hadassa alleges in his Complaint that his initial suit against Shipbuilders, *Hadassa I*, was filed on October 2, 2013, prior to the January 1, 2014 Asset Purchase Agreement. *R. 1*, ¶ *VII*. The Judgment in *Hadassa I* was issued on January 12, 2016 against Shipbuilders. *Id. at XVII*. Hadassa also alleges that "as of August 9-10, 2016, [after the January 11, 2016 Judgment] multimillions of dollars were owed and/or forthcoming to be paid to Shipbuilders." *Id. at ¶ XI*. Hadassa also alleges that during that period of time, existing contracts for the building of ships held by Shipbuilders were changed by "Novations" to contracts under which Swiftships had the obligation to build the same ships. *Id. at ¶¶ X - XII*. He further alleges that after the January 12, 2016 Judgment all of the interests of Swiftships, including the payments owed to Shipbuilders for the aforesaid ships, were changed to Swiftships which left Shipbuilders insolvent, as evidenced on June 1, 2016, when Shipbuilders declared its "flat inability to pay" the Judgment. *Id. at ¶¶ XII-XIV, XVII*. Ultimately, Hadassa alleges in its "Cause of Action For Revocatory Action" that the Asset Purchase Agreement entered into by Shipbuilders and Swiftships caused or increased the insolvency of Shipbuilders and caused Plaintiff

10

to be deprived of being able to satisfy the amount it owed pursuant to the January 12, 2016 Judgment. *Id. at ¶ XV*. Hadassa alleges that Swiftships is liable for the January 12, 2016 Judgment under the "Successor Liability Doctrine." *Id. at ¶ XIX*.

As previously noted, Plaintiff's Complaint fails to identity any successor liability theory against Swiftships. Similarly, the Complaint provides no facts bearing on the factors of the successor liability analysis identified in the foregoing. The Court finds that Hadassa has failed to plead facts sufficient to make a plausible showing of successor liability. The Court is aware that some of the factual matter that is absent from Hadassa's pleadings is uniquely within the sphere of knowledge of Defendant, not Plaintiff who is not privy to the details of the business dealings between Shipbuilders and Swiftships, the predecessor company. However, many of the facts that weigh on the factors of the successor liability analyses should be accessible to Plaintiff.

Therefore, the Court will allow Hadassa to Amend its Complaint within 21 days from the date of the entry of this order if he wishes to pursue his claim of successor liability against Defendant.

*V. Conclusion*

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff Hadassa Investment Security Nigeria Ltd may

file an amended complaint in accordance with the Court's analysis within 21 days from the date of the entry of this order.

**IT IS FURTHER ORDERED** that the Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) filed by Swiftships LLC, [Rec. Doc. 73] is DENIED as Moot and Dismissed Without Prejudice to re-file if it deems appropriate.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 12th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE