UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| HADASSA INVESTMENT SECURITY NIGERIA, LTD., | CIVIL ACTION NO. 16-1502 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SWIFTSHIPS SHIPBUILDERS, LLC ET AL. | MAG. JUDGE CAROL B. WHITEHURST |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 88] filed by Plaintiff Hadassa Investment Security Nigeria, Ltd. ("Hadassa"). Defendant Swiftships, LLC opposes the motion. [Doc. No. 92]. Hadassa filed a reply memorandum in support of its motion. [Doc. No. 93]. For the following reasons, Hadassa's motion is DENIED.

I. FACTS AND PROCEDURAL HISTORY

Hadassa is a foreign business organized under the laws of Nigeria, with its principal place of business at its business address, 14 Idowy Martins Street, Victoria Island, Lagos, Nigeria.

Defendant Swiftships Shipbuilders, LLC ("Shipbuilders") is a Louisiana Liability Company that was in the business of shipbuilding in Louisiana at 1105 Levee Road, Morgan City, Louisiana 70380, until January 4, 2014. Defendant Swiftships, LLC ("Swiftships LLC") is a Virginia Limited Liability Company, with its principal place of business at offices at 2677 Prosperity Avenue, Suite #400, Fairfax, Virginia 22031, and doing business in Louisiana at 1105 Levee Road, Morgan City, Louisiana 70380.

On October 2, 2013, Hadassa filed an action in this Court, asserting claims of rescission

of contract based on fraud under Louisiana Civil Code Article 1958; conversion; breach of contract; fraud; detrimental reliance; unfair trade practices under La. Rev. Stat. 51:1404-1430; and, alternatively, unjust enrichment. *See Hadassa Investment Security Nigeria, Ltd. v. Swiftships Shipbuilders, LLC*, Case No. 6:13-02795 (W.D. La.) (*Hadassa I*). Hadassa alleged that it was entitled to damages, including a deposit it paid to Shipbuilders, for a vessel that it never received.

In a January 1, 2014 Asset Purchase Agreement and Cash Sale, Swiftships, LLC acquired the assets of Swift Group, LLC ("Swift Group"), and Shipbuilders and certain liabilities. At the time of the asset purchase, Swift Group and Shipbuilders were "owned" solely by Calvin Leleux.

Prior to the asset purchase, Shehraze Shah ("Shah") formed Swiftships, LLC, in Virginia. He was not an owner or member of Swift Group or Shipbuilders. Swiftships, LLC is wholly owned by Swiftships Groups, Inc., a Delaware corporation. Shaw owns 81% of the outstanding stock of Swiftships Groups, Inc. He provided the capital, as well as contacts for the business.

Jeff Leleux is the son of Calvin Leleux. Although he was an employee of the former entities, he was not an owner or member of Swift Group or Shipbuilders. He owns 19% of the outstanding stock of Swiftships Groups, Inc. He provided 25 years of education, knowledge, and experience to the business.

The majority of the employees of Shipbuilders were retained by Swiftships, LLC, including supervisory personnel. Calvin Leleux is not an employee or owner, but is a Board Member and consultant.

Swiftships LLC, continues to be in the shipbuilding business at the same physical location.

On January 12, 2016, after a trial on the merits in *Hadassa I,* Hadassa obtained a judgment against Shipbuilders in the amount of $1,499,910.00, plus attorneys' fees in the amount of $60,130.00, and post-judgment interest. *See id.* [Doc. No. 97]. Hadassa was unsuccessful in collecting this judgment, and sought, unsuccessfully, to have Shipbuilders declared in contempt. After hearings in June and September of 2016, the Court found the January 12, 2016 judgment was final and could not be altered.

On October 26, 2016, Hadassa brought this action, seeking to have an August 10, 2016 Novation between Shipbuilders, Swiftships, LLC, and the Navy declared null and void.

On May 12, 2017, Shipbuilders filed a Motion for Summary Judgment [Doc. No. 42], seeking dismissal of the revocatory action. On June 2, 2017, Hadassa opposed the motion. [Doc. No. 44]. On July 13, 2017, Magistrate Judge Whitehurst issued a Report and Recommendation [Doc. No. 49], in which she recommended that the motion be denied because there are genuine issues of material fact whether Hadassa was prejudiced by the August 10, 2016 Novation. The Court adopted the Report and Recommendation and denied the Motion for Summary Judgment on September 1, 2017. [Doc. No. 51].

In October 31, 2017 and March 29, 2018 amendments to the original Complaint, Hadassa has sought to enforce its January 12, 2016 judgment against Swiftships, LLC, as a "mere continuation" of Shipbuilders. [Doc. Nos. 62 & 81]. Swiftships, LLC has denied that it has successor liability for the judgment.

On November 30, 2018, Hadassa filed the instant motion. The motion is fully briefed and is ripe for decision.

**II. LAW AND ANALYSIS**

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In a bench trial, "a district court has somewhat greater discretion to consider what weight it will accord the evidence." *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991). A court "has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* at 398 (citing *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

### B. Successor Liability

As this is a diversity case, Louisiana substantive law applies. *See Klaxon Company vs. Stentor Electric Mfg., Company, Inc.*, 313 U.S. 487 (1941). Under Louisiana law, the general rule is that where one legal entity sells or transfers all of its assets to another legal entity, the receiving entity is not liable for the debts and liabilities of the transferor. *See In Re Louisiana Crawfish Producers*, 772 F. 3d 1026, 1030 (5th Cir. 2014). However, there are four exceptions to this general rule:

1) The purchasing [entity] expressly or impliedly agreed to assume such liabilities,

2) The circumstances surrounding the transaction warrant a finding that there was a defacto merger of the two [entities],

3) The purchasing [entity] is merely a continuation of the selling [entity] (the "mere continuation" exception), or
4) The transaction is fraudulent in fact.

*Id.* at 1030. Hadassa contends that the third exception applies and that Swiftships, LLC is a mere continuation of Shipbuilders. Thus, Hadassa contends that it is entitled to summary judgment on its claim that Swiftships, LLC, is liable to Hadassa as Successor in Interest for the January 12, 2016 Judgment.

The Fifth Circuit recognizes eight factors typically taken into account in determining if

5

the successor corporation is a "mere continuation" of the predecessor:

(1) Retention of the same employees;

(2) Retention of the same supervisory personnel;

(3) Retention of the same production facility in the same physical location;

(4) Production of the same product;

(5) Retention of the same name;

(6) Continuity of assets;

(7) Continuity of general business operations; and

(8) Whether the successor holds itself out as the continuation of the previous enterprise.

*Hollowell v. Orleans Regional Hosp., LLC*, 217 F.3d 379, 391 (5th Cir. 2000) (citing *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1176 n.2 (5th Cir. 1992)); *see also Munive v. Chet Morrison Offshore, LLC*, No. CIV.A. 06-11203, 2008 WL 544183, at *4 (E.D. La. Feb. 25, 2008) (citing same).

Having reviewed the evidence, while many of the factors favor Hadassa's position, the Court cannot find, as a matter of law, at this time that Swiftships, LLC, is a mere continuation of Shipbuilders. The Court finds, instead, that a trial on the merits is appropriate, so that it may fully evaluate and weigh each factor and judge the credibility of the witnesses who appear at trial. Accordingly, the Motion for Summary Judgment will be denied.

### III. CONCLUSION

For the foregoing reasons, Hadassa's Motion for Summary Judgment [Doc. No. 88] is

**DENIED at this time.**

**MONROE, LOUISIANA**, this 28th day of December, 2018.

```
                    _____
                              TERRY A. DOUGHTY
                         UNITED STATES DISTRICT JUDGE
```