UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| HADASSA INVESTMENT SECURITY NIGERIA, LTD., | CIVIL ACTION NO. 16-1502 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SWIFTSHIPS SHIPBUILDERS, LLC ET AL. | MAG. JUDGE CAROL B. WHITEHURST |

**RULING**

Pending before the Court is a Motion to Take Judicial Notice of the *Spurgeon* Case [Doc. No. 98] and a Second Motion for Summary Judgment [Doc. No. 99] filed by Plaintiff Hadassa Investment Security Nigeria, Ltd. ("Hadassa"). Defendant Swiftships, LLC opposes the motions. [Doc. Nos. 103 & 104]. Hadassa filed reply memoranda in support of its motions. [Doc. Nos. 106 & 107]. For the following reasons, Hadassa's Motion to Take Judicial Notice is GRANTED IN PART and DENIED IN PART, but its Second Motion for Summary Judgment is DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

The Court previously recounted the facts in this case in ruling on Hadassa's first Motion for Summary Judgment. [Doc. No. 94]. The Court incorporates those facts by reference.

**II. LAW AND ANALYSIS**

**A. Judicial Notice**

Federal Rule of Evidence 201 provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In this case, Hadassa urges the Court to take judicial notice of *Spurgeon v. LeLeux*, Civil Action No. 6:11-1807 (W.D. La. 2019). Both Hadassa in support of its motion and Defendants in opposition to the motion appear to focus on this Court's ability to take judicial notice of another court's record. However, that is not the issue here. The issue is whether this Court can take judicial notice of facts in a related proceeding conducted by this same Court. In *Taylor v. Charter Medical Corp.*, 162 F.3d 827 (5th Cir. 1998), the Fifth Circuit held, on a matter of first impression that a district court did not err in refusing to take judicial notice of *"the factual findings of another court."* Id. at 829, 831. In reaching that decision, the Fifth Circuit discussed *Kinnett Dairies, Inc. v. J.C. Farrow*, 580 F.2d 1260 (5th Cir. 1978). The *Taylor* court distinguished *Kinnett*:

> In *Kinnett*, the plaintiff requested that the district court "take judicial notice of the record in [a separate, but related case] and asked the clerk to bring it into the courtroom particularly the discovery depositions. . . ." . . . The district court stated in its opinion that it had taken "judicial notice" of the subject material, but did not clarify of what exactly it had taken notice. On appeal, the defendant objected to the inclusion of the depositions and other evidence in the record. We rejected the defendant's argument, noting that the defendant (1) had not objected to the plaintiff's request for judicial notice in the district court and (2) had been granted the opportunity to submit its own evidence and to question those parties whose depositions were made part of the record. . . .In his brief, Taylor argues that, in so holding in *Kinnett,* we went beyond simply permitting a district court to take judicial notice of facts found true by another court, actually allowing the district court to take "as true certain evidence in depositions in a completely separate case."
>
> Taylor misreads *Kinnett*. In fact, the issue in *Kinnett* was not even properly categorized as one of judicial notice, despite the court's use of that term. A fact that has been judicially noticed is not subject to dispute by the opposing party— indeed, that is the very purpose of judicial notice. . . .The district court in *Kinnett*, however, did not accept the deposition testimony and evidence presented to it as true, but rather granted the defendant the opportunity to present counter-evidence and examine witnesses on the issues covered by the alleged judicially-noticed deposition testimony. . . The court did not, as Taylor asserts in his brief, take "as true certain evidence in depositions in a completely separate case." It simply

> admitted into evidence deposition testimony taken in another case. *Kinnett*, therefore, in no way conflicts with our holding today that the district court did not err in refusing to take judicial notice of the *Milonas* courts' state actor determination.

*Taylor*, 162 F.3d at 831–32. Therefore, the Fifth Circuit was clear that there was a distinction between what the *Kinnett* did by allowing the admission of depositions and testimony from a related case and a request for judicial notice of another court's factual findings in another case.

In *Kinnett* itself, the Fifth Circuit explained that:

> Here counsel had requested the court to take judicial notice of material in its own files and asked the clerk to bring the record of prior proceedings into the courtroom. As Judge Weinstein has noted, "Courts are particularly apt to take notice of material in court files." (1 Weinstein & Berger, Weinstein's Evidence 48 (Supp.1977).)
>
> We have held that it is not error "for a court to take judicial notice of related proceedings and records in cases before that court." *State of Florida Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino and Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975). *See also Aloe Creme Laboratories v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970) (per curiam) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time." *Id.* at 1296). Here the district court was faced with issues similar and in some respects identical to those considered in prior proceedings. While Flav-O-Rich was not a party to those proceedings, it makes no claim that consideration of evidence presented in those proceedings is violative of its due process rights. Flav-O-Rich had the opportunity at the November 28 hearing to submit its own evidence and to interrogate those parties whose depositions were part of the record of the prior proceedings. Further, Flav-O-Rich did not object to Kinnett's request for judicial notice. In these circumstances, we find no error in the district court's judicial notice of materials in the court's own files from prior proceedings.

580 F.2d at 1277 n.33.

Similarly, the parties in this matter and in *Spurgeon*, may not be completely identical, but the issues are, at the least, similar. While the terminology of "judicial notice" may or may not be

correct, it is clear that the Court can admit the records of the *Spurgeon* matter into the record of this case. The Court may not, however, reach a legal determination without allowing Defendants an opportunity to present additional evidence in this case. Accordingly, Hadassa's Motion to Take Judicial Notice is GRANTED IN PART and DENIED IN PART. To the extent that Hadassa urges the Court to take notice of its own files and records in the *Spurgeon* case, the motion is GRANTED, and those records and files can be made part of the record in this case. To the extent that Hadassa move the Court to take judicial notice of *Spurgeon* as dispositive of the issues in this case, the motion is DENIED.

    **B.    Summary Judgment**

        **1.    Standard of Review**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In a bench trial, "a district court has somewhat greater discretion to consider what weight it will accord the evidence." *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991). A court "has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* at 398 (citing *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

### 2. Second Motion for Summary Judgment

The Court has determined that records and files from the *Spurgeon* case are properly admitted in this case. However, the Court has also ruled that Defendants should be permitted to challenge that evidence at trial, and the Court cannot make a legal determination based on this evidentiary ruling. Accordingly, while the evidence may further support Hadassa's position, the Court cannot find, as a matter of law, at this time that Swiftships, LLC, is a mere continuation of Shipbuilders. The Court finds, as it did previously, that a trial on the merits is appropriate, so that it may fully evaluate and weigh each factor and judge the credibility of the witnesses who

5

appear at trial. Accordingly, the Second Motion for Summary Judgment will be denied.

### III. CONCLUSION

For the foregoing reasons, Hadassa's Motion to Take Judicial Notice [Doc. No. 98] is **GRANTED IN PART and DENIED IN PART**. To the extent that Hadassa urges the Court to take notice of its own files and records in the *Spurgeon* case, the motion is **GRANTED**, and those records and files can be made part of the record in this case. To the extent that Hadassa move the Court to take judicial notice of *Spurgeon* as dispositive of the issues in this case, the motion is **DENIED**. Hadassa's Second Motion for Summary Judgment [Doc. No. 99] is **DENIED.**

**MONROE, LOUISIANA**, this 18th day of March, 20198.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE